IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


LEONARD NOBLE                                                      PLAINTIFF


        V.                    CIVIL NO. 2:14-cv-02164-PKH-MEF


GUNNER DELAY and
DANIEL SHUE (Prosecuting
Attorneys)                                                        DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Leonard Noble, pursuant to 42 U.S.C. §

1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC")

Cummins Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable

P. K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose

of making a report and recommendation.

Currently before the Court is Defendants' Motion to Dismiss. (Doc. 14)  After careful

consideration, the Court makes the following Report and Recommendation.

## I.        BACKGROUND

Plaintiff filed his Complaint on July 29, 2014 in the Eastern District of Arkansas.  (Doc. 2)

The Eastern District properly transferred the case to this Court on July 31, 2014.  (Doc. 4)  In his

Complaint, Plaintiff names Defendants Delay and Shue in both their official and individual

capacities.  (Doc. 2)

1

Plaintiff alleges that the Defendants violated his constitutional due process rights when they denied his request for post-conviction DNA testing as untimely.  (Doc. 2)  Plaintiff does not identify what biological evidence he wants DNA tested in his Complaint. However, in his Supplement he identified a hair sample labeled as Q-11.  (Doc. 22, p. 2)

Plaintiff requests an Order for DNA testing, an Order for a hearing on the matter, appointment of counsel, and any other relief the Court deems just and proper.  (Doc. 2)

Defendants filed their Motion to Dismiss on January 16, 2015.  (Doc. 14)

Plaintiff Responded and filed a Supplement to his Response on February 17, 2015 and February 20, 2015.  (Docs. 21, p. 22)

Plaintiff's underlying case is based on a 1999 State of Arkansas conviction for residential burglary and rape.  He appealed his conviction to the Arkansas Court of Appeals, arguing the evidence was insufficient to support his conviction.  The Court of Appeals affirmed the conviction, noting he had failed to preserved this argument for appeal at trial.  (Doc. 15) (citing *Noble v. State*, No. CACR 00-587, 2001 WL 1092820 (Ark. App., Sept. 19, 2001).  Plaintiff's petition for certiorari to the United States Supreme Court was denied October 6, 2003, and his petition for rehearing was denied December 15, 2003. *Noble v Norris*, 540 U.S. 1097 (2003); *Noble v. Norris*, 540 U.S. 868 (2003).

On June 1, 2007, Plaintiff filed a motion for testing and a petition styled as a writ of *habeas corpus* under Arkansas Act 1780, which provides post-conviction habeas relief for new scientific evidence.  The Act provides a presumption of timeliness for petitions filed thirty-six (36) months after the date of conviction, with a rebuttable presumption of untimeliness after that time.  Ark Code Ann. § 16-112-202(10). The petition was filed in the trial court, which denied the motion.  Plaintiff

2

then appealed to the Arkansas Supreme Court. The Court noted, "the only evidence on which appellant requested testing was hairs that were available and at issue at trial." *Noble v. State*, CR 07-1106, 2008 WL 4378371, *1 (Ark. 2008). Further, Plaintiff "did not provide facts to support any basis to rebut the presumption in Act 1780 against timeliness." *Id.* Thus, the Arkansas Supreme Court affirmed the trial court's dismissal of Plaintiff's petition for post-conviction relief because it was filed more than seven years after his conviction and he provided no facts to rebut the presumption of untimeliness.

In 2014, Plaintiff filed a petition with the Arkansas Supreme Court requesting that jurisdiction be reinvested in the trial court so he could proceed with a petition for writ of *error coram nobis*. The court noted Plaintiff had " not demonstrated that there was specific evidence favorable to the defense that was suppressed by the State or that he was prejudiced." *Noble v. State*, 2014 Ark 332, at 2-3, 439 S.W.3d 4749-50. The court denied his petition, holding that Plaintiff's "vague allegations of withheld evidence are insufficient" to meet the burden required. *Id.*

Plaintiff has also filed in federal court prior to the present case. In 2001 Plaintiff sought habeas corpus relief pursuant to 28 U.S.C. § 2254. *Noble v. Norris*, No. 2:02-cv-2215 (W.D. Ark. 2002). This was denied on the grounds Plaintiff was procedurally defaulted, and he had not provided any evidence to support a finding of factual innocence. Plaintiff sought a certificate of appealability which was denied by both the District Court and the Eighth Circuit Court of Appeals. (Docs. 29, 35.)

In 2009, Plaintiff filed another petition for habeas corpus relief. In this petition, Petitioner "essentially . . .assert[ed] that new technology allows more accurate DNA testing, and that the Court should order such testing on the physical evidence in this case." *Noble. v. Norris*, No. 2:09-cv-02080, 2010 WL 143779, at *2 (W.D. Ark. 2010). The Court issued an Order asking Plaintiff to

3

provide a written description of "any existing newly discovered scientific evidence which he believes establishes his actual innocence on or before November 6, 2009."(Doc. 18, 2:09-cv-02080-JLH-BAB)  Plaintiff did not do so.  Instead, "he merely suggest[ed] that new advances in DNA testing *might* help show his innocence."  2010 WL at 143779 at \*3. Because he had not presented any new evidence, his petition was dismissed. The court further found that any appeal from the dismissal would not be in good faith.  *Id.*  The Eighth Circuit denied his petition to file a successive habeas application. (Doc. 28, 29, 2:09-cv-02080-JLH-BAB).

## II.     APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

Defendants argue Plaintiff's Complaint should be dismissed for six reasons: 1) Plaintiff's Complaint is time-barred by the stature of limitations;  2) Plaintiff's Complaint is barred by res judicata and collateral estoppel; 3) Plaintiff alleged no facts which state a procedural due process

4

claim; 4) Plaintiff's claims against Defendants are based on *respondeat superior*; 5) Defendants are entitled to qualified immunity; and, 6) sovereign immunity bars any monetary claims against Defendants in their official capacities. (Doc. 15)

Plaintiff's Response and Supplement to Response do not appear to address these arguments. Plaintiff's Response also does not clearly identify exactly what evidence he wants DNA tested.

However, in his Supplement, he states "[i]n the Petition it show Q-11 is a pubic hair that came from where [victim] said she was being raped at." (Doc. 22, p. 2)  From this it could be inferred that he wishes to have this hair submitted for DNA testing.  He also states his defense attorney requested test results, medical statements and reports, and "all results of those hairs," but the state withheld those results.  (Doc. 22, p. 2)  As part of his Supplement, Plaintiff included a copy of his petition for *error coram nobis*.   As part of this he alleges "jurors never got to hear that Q-11 was a pubic hair that was dissim[ilar] to Noble and it came from the crime scene." (Doc. 22, p. 9) The evidence report does not identify Q-11 as a pubic hair, but does indicate that the hair was retrieved from the carpet and was "dissim[ilar] to all."(Doc. 22, p. 36 ) The transcript from the trial shows Plaintiff's defense attorney stating the State had complied with his discovery request.  (Doc. 22, p. 53)

### A.     Plaintiff's § 1983 Complaint is Time-Barred

Prior to March 7, 2011, it was unsettled as to whether § 1983 claims for post-conviction DNA testing were permissible, or if they were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Skinner v. Switzer*, 562 U.S. 521, 524 (2011) (comparing cases permitting: *McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007); *Savory v. Lyons*, 469 F.3d 667, 669 (7th Cir. 2006); and *Bradley v. Pryor*, 305 F.3d 1287, 1290-1291 (11th Cir. 2002), with cases denying: *Harvey v. Horan*, 278

F.3d 370, 375 (4th Cir. 2002) and *Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002) (per curiam). On that date, the United States Supreme Court held a request for post-conviction DNA testing was not barred by *Heck*, because "[s]uccess in [the] suit for DNA testing would not 'necessarily imply' the invalidity of [the] conviction." *Id.* at 534.

The statute of limitations for § 1983 claims is the state statue of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985).   In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.)   Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983.  *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980);  *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

The accrual date of a § 1983 cause of action is controlled by federal law.  *Wallace v. Kato*, 549 U.S. 384 (2007).  Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.*

In this case, it was not clear that Plaintiff could file a § 1983 suit for post-conviction DNA testing until March 7, 2011.  This, therefore, is the accrual date when the three year statue of limitations begins to run.  Plaintiff  needed to file his claim by March 7, 2014. He did not file until July 24, 2014.

He did file a few days prior to the date when his state court petition for *error coram nobis* was denied.  However, Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See*  Ark. Code. Ann. § 16-56-126 (tolling permitted for nonsuit or judgment in favor arrested or reversed); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a

6

party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors). The failure to provide tolling during the pendency of related but independent state actions does not render the state's tolling rules inconsistent with § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. at 478.

> **B.      Even if Not Time-Barred, the Denial of Plaintiff's DNA Testing Request As Untimely Under the State Statute Does Not Raise Constitutional Due Process Concerns**

There is no "freestanding, substantive due process right to DNA evidence." *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 53. (2009).   Therefore Plaintiff's's rights to post-conviction DNA testing arise from Arkansas Act 1780, codified at §§ 16-112-201 to 16-112-208.

16-112-201 permits a convicted individual to pursue relief if the individual claims there is "scientific evidence not available at trial that establishes the petitioner's actual innocence," the evidence could not have been previously discovered through exercise of due diligence, and that viewed in light of the evidence as a whole "no reasonable fact-finder would find the petitioner guilty."   Diligence and materiality requirements such as these do not violate constitutional rights. *Osborne*, 557 US at 63.

In this case, Plaintiff has met neither the diligence nor the materiality requirements of the statute.   Plaintiff did not clearly enunciate what evidence he wanted DNA tested in his Complaint or Response.   The hair referenced in Plaintiff's Supplement was available, microscopically examined, identified as not a match to him, and discussed at trial.   He did not provide evidence that he or his defense attorney requested the hair be tested for DNA evidence, and were denied the

opportunity to do so.  Although DNA evidence techniques have improved significantly since 1999, Plaintiff does not allege why or how those improvements, viewed in light of the evidence as a whole, could change the outcome of the case if applied to the hair. As he has done repeatedly in past cases, Plaintiff simply makes vague allegations about evidence which *might* help his case.

## IV.    CONCLUSION

Accordingly, I recommend that Defendants' Motion to Dismiss (Doc. 14) be **GRANTED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the District court.**

DATED this 27th day of July, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE